**AFFIRM; and Opinion Filed March 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01383-CR

### VARINA G. HARDIN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-80250-2012**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Campbell[1]
Opinion by Justice Campbell

Varina G. Hardin was convicted in a bench trial of driving while intoxicated. The trial

court assessed her punishment at ninety days' confinement in the county jail and a fine of $100.

Imposition of the jail time was suspended and appellant was placed on community supervision

for two years. In a sole issue, appellant contends trial counsel was ineffective for failing to

secure an expert witness to rebut testimony given by the State's expert witness. We affirm.

### FACTS

Only a brief rendition of the facts is necessary to a resolution of appellant's sole issue.

On May 27, 2011, a concerned citizen notified police of appellant's erratic and dangerous

driving. Appellant was driving too slowly and weaving on and off a road in Collin County. She

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

appeared to be intoxicated. Deputy Blaylock, a Collin County Deputy Sheriff, was dispatched to the scene and followed appellant for about three miles. Blaylock observed similar erratic driving as was reported by the private citizen. After Blaylock stopped her, appellant failed several field sobriety tests and Blaylock arrested her for DWI. During an inventory search of appellant's car, six bottles of medication were found, including alprazolam (generic Xanax), tramadol, methocarbamol, and citalopram, all of which are controlled substances. A blood sample was drawn from appellant about an hour after she was stopped. Testing revealed her blood contained 0.023 milligrams of alprazolam per liter of blood.

After a finding of guilt, appellant filed a motion for new trial alleging her trial counsel had been ineffective for failing to call an expert witness to counter the testimony of the State's expert regarding the significance of the amount of alprazolam found in her bloodstream. The trial court conducted a hearing on the motion. Trial counsel (Vitz) testified his defensive strategy was to argue that the low level of alprazolam coupled with appellant's bipolar condition resulted in insufficient evidence to support appellant's conviction. Vitz also testified he had spoken to the State's expert witness, Dr. Rohr, and Rohr believed appellant's bloodstream contained a therapeutic amount of alprazolam, but that even such a small amount of the drug could cause intoxication.

Vitz conceded on cross-examination that he had full discovery of all of the State's evidence, including police reports and the video of the arrest, and he had subpoenaed appellant's personal physician. The physician never appeared and no writ of attachment to compel her to appear was sought. Vitz never was able to talk to the doctor personally, but he did speak to an employee in the doctor's office who advised him that appellant would not want the doctor as a witness. Vitz evidently decided to abandon that strategy in favor of a direct attack on the sufficiency of the evidence as presented by the State. In hindsight, Vitz conceded he had failed

to compel the doctor's attendance, and he should have sought a continuance to gain time to secure an expert witness. However, Vitz also conceded it was he who had subpoenaed Rohr. Though Rohr's testimony was favorable to the State, Vitz opined that Rohr's testimony was not sufficient to satisfy the trial court of appellant's guilt. Germane to the motion for new trial, appellant did not identify an expert witness who was available and would testify favorably to her at the hearing on said motion.

## APPELLANT'S ARGUMENT

In her sole issue, appellant contends Vitz was ineffective because he failed to secure the attendance and testimony of an expert witness to rebut the State's expert and present appellant's best defense when said failure was solely because of a "lack of funds." During the hearing on the motion for new trial, appellant testified she would have secured funding for an expert if Vitz had recommended it. Vitz apparently did not broach the subject of funding for an expert with appellant; rather he assumed without asking that appellant lacked funds to secure an expert witness. Additionally, it is evident from reading the record that Vitz was convinced the trial court would not find the quantity of alprazolam in appellant's system at the time of her arrest to be sufficient to meet the *Jackson* standard of proof beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## STATE'S ARGUMENTS

The State replies appellant has failed to show Vitz was ineffective for failing to hire an expert to rebut the State's expert. The State contends Vitz's strategy to attack directly the sufficiency of the evidence was a reasonable strategy. Further, the State contends appellant has not shown another expert witness was available to testify and that appellant would benefit from that testimony. We agree with the State.

## STANDARD OF REVIEW, BURDEN OF PROOF, AND PRESUMPTIONS

An appellate court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). To show ineffective assistance of counsel, appellant bears the burden of proving by a preponderance of the evidence that trial counsel's performance was deficient (fell below an objective standard of reasonableness) and that there was a reasonable probability that the deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). An appellant must overcome the strong presumption that trial counsel's decisions and actions fell within a wide range of professional and reasonable assistance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Judicial review is highly deferential to effectiveness. *Id.* The reviewing court must evaluate the totality of the representation and not in piecemeal fashion. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Counsel's ineffectiveness must be firmly established in the record. *Id.* A vague, inarticulate notion that counsel should have performed better, i.e., put on a better defense, is not a legal basis for finding counsel ineffective. *See Bone*, 77 S.W.3d at 836.

## ANALYSIS

Appellant relies principally on *Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005) and *Wright v. State*, 223 S.W.3d 36 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). At first blush, the holding in *Briggs* seems applicable to the case at bar because trial counsel in *Briggs* knew early in the proceedings that Briggs did not have funds to hire and employ the services of an expert. *See Ex parte Briggs*, 187 S.W.3d at 463. Hiring an expert was critical in *Briggs* because a portion of the victim's medical records contained evidence that led experts hired in connection with Briggs's habeas application to conclude the victim died of natural causes, not as

the result of a homicidal act. *See id.* at 462–65. Thus, it was rather obvious the outcome of Briggs's trial might have been affected by the decision not to have the records reviewed by a medical expert. Trial counsel made no effort to deal with the lack of funds, such as seek relief from the trial court under *Ake v. Oklahoma*, 470 U.S. 68 (1985). *See Ex parte Briggs*, 187 S.W.3d at 469. In fact, trial counsel pushed Briggs to enter a guilty plea. *See id.* at 465. The court of criminal appeals held counsel's decision was not part of a reasonable trial strategy but was based on economic considerations instead in violation of the constitutional right to the effective assistance of counsel. *See id.* at 467, 469.

In *Wright*, there was simply no rhyme or reason for trial counsel to neglect going over notes prepared by the State's witnesses that were easily impeachable both on cross-examination and by testimony from expert witnesses called by trial counsel. But neither of those was done, and the only explanations for the failure were that the notes were difficult to read, an expert would not be able to interview the child victim, and counsel lacked time to consult an expert. *See Wright*, 223 S.W.3d at 43–44. The Houston First Court of Appeals found Wright's defense was adversely affected and that Wright had been deprived of effective assistance of counsel. *See id.*

In the case at bar, Vitz's decision to mount an attack on the sufficiency of the evidence was based in part on his knowledge of the trial judge who sat as fact finder in the case. Vitz was apparently so convinced the trial court would not convict his client that he waived a jury trial on the question of guilt. Although there was impaired driving in this case, the amount of drug in appellant's bloodstream was minimal, and there was no alcohol present at all. Under the circumstances, we cannot conclude relying on an evidentiary sufficiency defense constituted ineffective assistance.

As far as failure to call an expert witness, Vitz had questioned the State's witness, Rohr, and was told that even a small therapeutic dose was enough to cause intoxication, so a "low dose" defense was effectively exploded by the State. Even if it could be argued the failure to call an expert witness in this case was ineffective assistance, there has been no showing of prejudice under the second prong of *Strickland*, i.e., there has been no showing by affidavit or otherwise, in what way appellant would be assisted, or would have sustained a different outcome in the case. *See Strickland*, 466 U.S. at 687.

We conclude a challenge to the sufficiency of the evidence was a reasonable defense for Vitz to pursue in the circumstances that existed at the time of trial because any expert testimony, whether from the State or the defense, would have revealed that even a therapeutic dose of alprazolam could have caused or exacerbated intoxication, ergo, other factors such as symptoms resulting independently from appellant's bipolar disorder which were presented by Vitz during testimony were appropriate. Not only did the expert testimony not assist appellant, but rather it likely was the linchpin of the trial court's decision to convict. The *Strickland* standard of review is not based on hindsight, but rather whether trial counsel's strategic decision was reasonable at the time of trial. *See Ex parte Flores*, 387 S.W.3d 626, 633–34 (Tex. Crim. App. 2012). We conclude Vitz's decision to waive a jury trial and proceed in a bench trial on the issue of sufficiency of the evidence was a reasonable decision. The employment of expert testimony was not shown to be a factor that would have been helpful to appellant, and indeed no evidence to the contrary was presented in the motion for new trial hearing. Thus, even assuming arguendo the first prong of *Strickland* was met, there is no evidence establishing an affirmative answer to the second prong of *Strickland*. We overrule appellant's sole issue.

The judgment of the trial court is affirmed.

/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47

121383F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VARINA G. HARDIN, Appellant

No. 05-12-01383-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 4, Collin County, Texas
Trial Court Cause No. 004-80250-2012.
Opinion delivered by Justice Campbell.
Chief Justice Wright and Justice Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of March, 2014.

/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED